**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE THE MATTER OF THE
COMPLAINT OF KIMETH GARDNER,
AS THE OWNER OF A
2022 SYLVAN 25 L SERIES,
HIN SYL 80106F122                      Case No. 8:25-cv-874-JLB-TGW
FOR EXONERATION FROM
OR LIMITATION OF
LIABILITY

_____/

## REPORT AND RECOMMENDATION

The limitation plaintiff filed a Motion for Default Judgment Against Non-Appearing Parties and Non-Asserted Claims (Doc. 55). A response in opposition has not been filed, and the time to do so has passed. For the reasons discussed, I recommend that the motion be granted.

I.

The limitation plaintiff, Kimeth Gardner, filed a Complaint for the Exoneration from or the Limitation of Liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501 et seq., and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for claims arising out of an incident involving the vessel (Doc. 1). Gardner is the owner of the vessel.

Gardner alleges that, on October 9, 2024, the vessel was in its

boat lift secured to the dock and seawall at 3604 Royal Palm Drive, Bradenton, Florida 34210 (id.). He states that the vessel was successfully secured throughout the passage of Hurricane Helene, which went through the area a few weeks earlier (id., ¶9). However, when Hurricane Milton passed through the Tampa Bay area on October 9, 2024, a substantial portion of the vessel's boat lift was carried away. The vessel was blown from her moorings by the forces of wind and waves and deposited ashore on the neighboring property at 3608 Royal Palm Drive, Bradenton, Florida 34210 (id., ¶10).

After initiating this matter, the plaintiff filed a Motion to Approve Security and for Publication and Stay (Doc. 5). I granted that motion. Accordingly, I directed the Issuance of Monition and Notice and stayed all actions or proceedings against the plaintiff arising out of the October 9, 2024, incident until final determination (see Docs. 16, 17).

The Order directed the plaintiff to publish the Monition in the Bradenton Herald, a newspaper of general circulation in Manatee County, where the incident occurred, once per week for four (4) consecutive weeks before the return date (Doc. 17). The Monition provided that all persons having claims related to this incident "must file their claims as provided in Rule F of the Federal Rules of Civil Procedure Supplemental Rules for

2

Admiralty or Maritime Claims ... on or before June 2, 2025, or suffer default" (Doc. 18).  Furthermore, in accordance with Supplemental Rule F, I ordered the plaintiff to mail a copy of the Monition to "every person known to have made or who may make a claim against the Limitation Plaintiff and/or the Limitation Vessel arising out of the [incident] which the claims sought to be limited arose...no later than the day of second publication" (Doc. 17).

The plaintiff complied with this Order (see Doc. 30).  Advanced Basement Products, Inc., (ABP) filed a claim and answer.  No other party asserted a claim or filed an answer.

Subsequently, the plaintiff filed a Motion for Entry of a Supplemental Notice and for Entry of a Supplemental Order of Publication Order (Doc. 39).* I granted the motion (Doc. 41), and the plaintiff published the Supplemental Monition in The Tampa Bay Times, a newspaper of general circulation in Hillsborough County, once per week for four (4) consecutive weeks before the return date (see Docs. 42, 49).  The Amended Supplemental Monition afforded potential claimants until October 17, 2025,

---

* The plaintiff moved to publish a supplemental monition because he did not comply with Section 6(a) of the United States District Court for the Middle District of Florida's Admiralty and Maritime Practice Manual, which directs that notice be given in the county where the incident took place and where the court is located, if those locations are different (see Doc. 39).  In this case, compliance with the Practice Manual required publication of the Monition in Manatee and Hillsborough counties.

3

to file a claim (Doc. 43).  No additional claim was filed.

The plaintiff then filed a Motion for Entry of Clerk's Default against all non-appearing parties and all non-asserted claims (Doc. 50).  On October 24, 2025, the Clerk entered a default (Doc. 53). The plaintiff now moves for a Default Judgment Against Non-Appearing Parties and Non-Asserted Claims (Doc. 55).  The motion was referred to me.

## II.

Federal Rule of Civil Procedure 55 "sets out a two-step procedure for obtaining a default final judgment." In re Complaint of Wild Fla. Airboats, LLC, 6:16–cv–2207–Orl–31GJK, 2017 WL 3891777 at *2 (M.D. Fla. Aug. 29, 2017).  When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court enters a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a).  Second, if the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request and upon an affidavit of the amount due, must enter a judgment by default. Fed. R. Civ. P. 55(b)(1).  The same procedure applies to actions under the Limitation of Liability Act. In re Complaint of Wild Fla. Airboats, LLC, supra, 2017 WL 3891777 at *2.

In cases arising under the Act, a "default judgment will be entered against any potential claimant who has failed to respond to notice of

a complaint for exoneration from or limitation of liability within the established notice period, provided that the notice complies with [Supplemental Rule F(4)]." In re Complaint of Wild Fla. Airboats, LLC, supra, 2017 WL 3891777 at *3; see also In re Ruth, No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021 at *2 (M.D. Fla. Aug. 23, 2016). Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Once notice has been given, "[c]laims shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5).

In this case, the record shows that the plaintiff satisfied the notice requirements.  He published the Monition in the Bradenton Herald and The Tampa Bay Times, newspapers of general circulation, for four consecutive weeks, and mailed a copy of the Complaint and my Order approving the Ad Interim Stipulation and directing issuance of a Monition and Injunction to all known potential claimants (see Docs. 18, 30, 43, 49).

As indicated, the deadlines for filing claims expired long ago. Furthermore, no claim, other than the one filed by ABP, was asserted. Accordingly, a Clerk's default was entered against any potential claimants other ABP (Doc. 53).  Therefore, it is appropriate for the request for default judgment to be granted.

### III.

For the foregoing reasons, I recommend that:

1. That the Limitation Plaintiff's Second Motion for Default Judgment Against Non-Appearing Parties and Non-Asserted Claims (Doc. 55) be **GRANTED**.

2. That default judgment be entered against all potential claimants that have not filed a claim against the limitation plaintiff.

3. That the limitation plaintiff be exonerated from any responsibility, loss, damage or injury, and from any claim arising out of the incident

6

on October 9, 2024, against all potential claims who failed to otherwise state a claim.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: March 9, 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.